JEFFRESS

*v.*

CLARK & ALS.

(*Supreme Court of Appeals of Virginia, March, 1881.*)

[Virginia Law Journal, 1881, p. 521.]

### Chancery Practice—Choses in Action—Assignment of—In Whose Name Should Suit Be Prosecuted—Quære.

*Quære*: Can an assignee having the complete equitable ownership of a judgment, or a chose in action, prosecute a suit for its recovery or enforcement in a court of equity, in the name of the assignor holding the bare legal title? It would seem he cannot.

### Bankruptcy—Land Purchased after Status Fixed—Effect.*

Lands which belonged to a firm which is insolvent, of which H. was a member, or lands purchased by H. after his *status* as a bankrupt was fixed by the filing of his petition, followed by adjudication of bankruptcy and discharge from his indebtedness, cannot be subjected to the lien of a judgment against H. recovered before the filing of his petition in bankruptcy.

### Same—Same—Fraudulently Withheld from Assignee—In Whom Title Vests.

Where a debtor who has purchased real estate before he files his petition in bankruptcy, to defeat his creditors, fraudulently withholds it from the assignee in bankruptcy, and has it conveyed to himself afterwards, the said real estate vests, under the bankrupt law, in the assignee in bankruptcy, and it is his right and his duty to take possession of it, and, if need be, sue for and recover it from the adverse claimants, and administer it in the bankrupt court.

### Same—Same—Same.

The right of a creditor, at large, or by judgment, of a bankrupt,

---

*See monographic note on "Bankruptcy and Insolvency" appended to Dillard *v.* Collins, 25 Gratt. 343 (Va. Rep. Anno.).

to subject to sale for payment of his debt, lands fraudulently aliened by the bankrupt prior to the adjudication in bankruptcy, or which he conceals from or fails to surrender to his assignee, passes to the assignee in bankruptcy, and cannot be asserted by the creditor in his own name, even, as it seems, though the assignee's remedy is barred by his failure or neglect to sue within the time (two years) prescribed by the bankrupt act. See Glenny *v.* Langdon, 98 U. S. 20; Trimble *v.* Woodhead, Va. Law Journal for April, 1881, p. 232.

### Same—Decisions of Supreme Court of United States Binding on State Court.

The decisions of the Supreme Court of the United States upon questions arising exclusively under the bankrupt law of the United States, must be accepted as authority binding on a state court on such questions.

This was a suit in equity in the circuit court of Halifax county, brought in August, 1873, by John Clark, who sues for the benefit of Elisha Barksdale, Jr., to subject two parcels of land, one of six acres and the other of half an acre, to satisfy a judgment for $1,509.77 and interest, which Clark had recovered in May, 1867, against W. P. Harrison and D. G. Hitchcock, and which he alleged had been duly docketed.

The bill charges that Harrison had purchased these two parcels of land from Margaret Hughes, had paid for them, and was in possession, though the deeds were not made until the 15th of January, 1869, and the 20th of February, 1869; that the first deed was made to W. P. Harrison and Elizabeth Freeman, and the other to said Harrison. It charges that the property was Harrison's, he having paid for it, and that the name of Elizabeth Freeman was a fictitious name, merely used to give it a color of a partnership property, the said Harrison being then engaged in merchandising. That in March, 1869, Harrison conveyed the said land and the half acre to Peter Lorrillard and Charles Seidler; that in October, 1869, Lorrillard and Seidler conveyed the two lots to Albert G. Jeffress, and in March, 1871, Jeffress conveyed them to G. A. Heidelberg. And making all of them parties

defendants, it prayed that the said lands should be sold to satisfy the plaintiff's judgment, and for general relief.

Jeffress answered the bill. Among other grounds of defence, he says, that after the alleged judgment, viz., on the 31st of December, 1868, Harrison filed his petition in bankruptcy and was adjudicated a bankrupt, and gave in this judgment of the plaintiff in his schedule of debts, and due notice was given the plaintiff of the proceedings in bankruptcy, and that on the 1st of July, 1869, Harrison received his discharge; that Harrison did not own, and therefore did not include said land in his schedules; that plaintiff, though notified of these proceedings, has allowed said proceedings to pass wholly by default, and at no time suggested that the said bankrupt had not fully disclosed his assets or had failed to include in his schedule the parcels of land now in controversy. Respondent was aware that the bankrupt had the right to acquire property after filing his petition to be declared a bankrupt, and that property so acquired could not be subjected to the payment of his debts existing before filing his petition; and it appearing that these lands had been acquired after that date, respondent became the purchaser of them from Lorrillard and Seidler, and had paid full and valuable consideration for them, and had obtained a conveyance, without notice of any fraud practiced by the said bankrupt, and without any reason to believe that he had bought or paid for said lands at the time his petition was filed, and has still no reason to believe that such was the case; and he therefore claimed to be a purchaser for valuable consideration without notice.

Jeffress also filed a plea that the plaintiff, before the filing the bill in this case, had filed his petition in bankruptcy, and that an assignee had been appointed, to whom all Clark's estate had been transferred. But a demurrer to the plea was sustained by the court.

In January, 1875, the plaintiff filed an amended bill, in which, after setting out the substance of the original bill, he states that whilst John Clark, in whose name the judgment was recovered, is nominally the plaintiff, yet Elisha Barksdale, Jr., is the owner of said judgment, and said Clark has no interest in it ; that said Elisha Barksdale, Jr., paid full value for it before Clark became a bankrupt.

He further says that while the deeds for the two lots of land were made to Harrison after he filed his petition in bankruptcy, yet they had been paid for before it was filed, and he intentionally avoided having the deeds made to him, so that he would not have to give this property over to his assignee ; that these facts were not known to said Barksdale or said Clark until after Harrison obtained his discharge, which was on the 1st of July, 1869.   The prayer of the bill is for a sale, &c.    Jeffress and Harrison answered the amended bill. Harrison in his answer said that he had formed a partnership with Elizabeth Freeman, by the terms of which she was to furnish the capital, and his only interest was a share of the profits ; that in fact there were no profits, and that the lots of land were paid for in part by Mrs. Hughes' purchases at the store.

There were a number of witnesses examined, and among them Elisha Barksdale, Jr., who said that the judgment in bill mentioned had been transferred to him before Clark went into bankruptcy, and was never claimed by Clark's assignee.

The cause came on to be heard on the 7th of March, 1878, upon the papers formerly read, and the amended bill, answers, &c., and on the motion of the defendant, A. G. Jeffress, to dismiss the bills, on the ground that the plaintiff, John Clark, had no interest in the judgment endeavored to be enforced in this suit, it being alleged in the bill and proved that E. Barksdale, Jr., is the absolute and unconditional owner thereof.    But the court overruled the motion, and holding

that the lien of the plaintiff's judgment attached to the land in the proceedings mentioned as the lands of W. P. Harrison, and before any conveyance thereof to subsequent purchasers, decreed that unless the defendants, or some one for them, should pay, &c., a commissioner named should proceed to sell the said lands in the mode and on terms stated in the decree.    And thereupon Jeffress applied to a judge of this court for an appeal and supersedeas, which awarded.

*Ould & Carrington* and *J. W. Riley*, for the appellant.

*J. A. Meredith* and *E. Barksdale, Jr.*, for the appellees.

BURKS, J., delivered the opinion of the court.

Held as stated in the headnotes.

Decree reversed.